IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KEITH CHARLES HARRISON<br><br>Defendant. | CR 20-21-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Keith Charles Harrison (Harrison) has been accused of violating the conditions of his supervised release. Harrison admitted all of the alleged violations. Harrison's supervised release should be revoked. Harrison should be placed in custody for a term of time served, with 28 months of supervised release to follow.

## II. Status

Harrison pleaded guilty to being a Prohibited Person in Possession of a Firearm on June 15, 2020. (Doc. 22). The Court sentenced Harrison to 30 months of custody, followed by 3 years of supervised release. (Doc. 38). Harrison's current term of supervised release began on June 3, 2022. (Doc. 57 at 1).

**Petition**

The United States Probation Office filed an Amended Petition on October 26, 2022, requesting that the Court revoke Harrison's supervised release. (Doc. 57). The Amended Petition alleged that Harrison had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by using Valium; 3) by possessing Gabapentin; 4) by failing to comply with his substance abuse testing requirements; 5) by using methamphetamine, fentanyl and benzodiazepines; and 6) by committing another crime.

**Initial appearance**

Harrison appeared before the undersigned for his initial appearance on the Amended Petition on June 13, 2023. Harrison was represented by counsel. Harrison stated that he had read the petition and that he understood the allegations. Harrison waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on June 13, 2023. Harrison admitted that he had violated the conditions of his supervised release: 1) by using methamphetamine; 2) by using Valium; 3) by possessing Gabapentin; 4) failing to comply with his substance abuse testing requirements; 5) by using

methamphetamine, fentanyl and benzodiazepines; and 6) by committing another crime. The violations are serious and warrant revocation of Harrison's supervised release.

Harrison's violations are Grade C violations. Harrison's criminal history category is V. Harrison's underlying offense is a Class C felony. Harrison could be incarcerated for up to 24 months. Harrison could be ordered to remain on supervised release for up to 36 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 7 to 13 months.

### III. Analysis

Harrison's supervised release should be revoked. Harrison should receive a custodial sentence of time served, with 28 months of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Harrison that the above sentence would be recommended to Chief United States District Judge Brian Morris. The Court also informed Harrison of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Harrison that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

Harrison stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Keith Charles Harrison violated the conditions of his supervised release: by using methamphetamine; by using Valium; by possessing Gabapentin; failing to comply with his substance abuse testing requirements; by using methamphetamine, fentanyl and benzodiazepines; and by committing another crime.

The Court **RECOMMENDS:**

> That the District Court revoke Harrison's supervised release and commit Harrison to the custody of the United States Bureau of Prisons for a term of time served, with 28 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district

4

court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 14th day of June, 2023.

John Johnston
United States Magistrate Judge